**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Grant V. Lombardi,

Plaintiff,

vs.

Northland Group, Inc.,

Defendant.

**Civil No. 00-CV-2794 (PAM/JGL)**

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND ORDER**

STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between the parties, by their respective undersigned counsel, that certain documents to be produced by plaintiff and defendant during the course of this action are deemed to contain private, confidential, and proprietary information. These documents will be marked "CONFIDENTIAL." Confidential deposition testimony shall be separately transcribed and marked as confidential upon the request of either party. It is therefore appropriate for this Court to enter an order protecting this information as follows:

1. Until further order of this Court or stipulation of the parties, the documents referred to above shall be subject to this protective order.

2. The documents referred to above shall, in the first instance, be available only for examination by the parties, their attorneys, their legal assistants and any expert witnesses retained by them. The parties' attorneys may make the documents referred to above available to another person only after obtaining the written consent of opposing counsel and only after the person to whom the documents referred to above are to be disclosed agrees in writing to be bound by this order protecting the confidentiality of the information contained therein.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. No information contained in the documents referred to above shall be used or communicated for business or competitive purposes or for any purpose whatsoever other than in preparation for trial of this action.

4. There shall be no reproduction whatsoever of the documents referred to above, except that as required in preparation for trial, including depositions and motions; copies, excerpts or summaries may be shown or given to those authorized to receive such information pursuant to this order. Confidential information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a Protective Order and shall be available for inspection only by the Court and by those persons authorized by this Stipulation for Entry of Protective Order to receive confidential information. The fact that information is designated as Confidential shall not be deemed to be determinative of what the Court as a trier of fact may subsequently determine to be confidential. Absent a stipulation by the parties, the fact of such a designation by a party shall not be admissible as evidence during the trial of the above matters. No document introduced into evidence shall bear any mark designating it as confidential, absent stipulation of the parties or Court Order.

5. This Stipulation is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in confidential information shall have no effect on a party's right to make any lawful use of such information.

6. Nothing in this Stipulation shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, people who might reasonably be expected to have knowledge or information about topics that are discussed in confidential information.

7. Within 30 days after the final resolution of this action, the parties shall destroy or return to the producing party all documents marked Confidential and all copies thereof that they possess or that they have provided to people authorized to receive confidential information by Section 2 of this Stipulation for Entry of Protective Order, other than those associated with the Court. Attorneys of record, however, may retain one archival copy of documents marked Confidential and memoranda, briefs, correspondence, affidavits, and court filings containing confidential information, all of which shall remain subject to this Stipulation for Entry of Protective Order. Confidential information kept by attorneys of record shall be stored or destroyed in accordance with the practice for handling client files at the respective law firms.

8. In the event that any party disputes the designation of information as confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute can not be resolved informally, the party challenging the confidential designation may seek appropriate relief from the Court, with the burden on the designating party to show that the information is confidential in nature. A party shall not be obligated to challenge the propriety of the designation of confidentiality at the time made, and the failure to do so shall not preclude a subsequent challenge thereto in the event that a party disagrees at any point in these proceedings with the designation of information as confidential.

Dated: October 1, 2001

HEDIN & GOLDBERG, P.A.

Douglas A. Hedin, #43205
Daniel S. Goldberg, #207354
Elizabeth A. Glidden, #238387
2100 Stevens Avenue South
Minneapolis, MN 55404
(612) 871-5500

**Attorneys for Plaintiff**
**Grant V. Lombardi**

Dated: September 28, 2001

FAEGRE & BENSON LLP

Mary E. Stumo, #122440
Marcy R. Frost, #229933

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**Attorneys for Defendant**
**Northland Group, Inc.**

ORDER

IT IS SO ORDERED.

Dated: OCT. 4 2001

BY THE COURT:

Judge JONATHAN LEBEDOFF

M1:798830.01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.